IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

RONALD D. PRESTON,           )
                             )
            Movant,          )
                             )
vs.                          )   Case No. 06-5113-CV-SW-ODS-P
                             )   Crim. No. 04-5033-07-CR-SW-ODS
UNITED STATES OF AMERICA,    )
                             )
            Respondent.      )

## ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied.

## I. BACKGROUND

Movant was named with twelve other defendants in a twenty-nine count indictment, charging him with conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § 846, one substantive count of actual distribution of methamphetamine, and one count of possession of methamphetamine and marijuana. On April 13, 2005, pursuant to a written Plea Agreement, he entered a plea of guilty to Count One of the Indictment. The Grand Jury made a special finding concerning the defendants' participation in the crime charged in Count One of the Indictment; to wit, that Movant (and four others) possessed a dangerous weapon in connection with the conspiracy.

On April 13, 2005, pursuant to a written Plea Agreement, Movant entered a plea of guilty to Count One of the Indictment. The government agreed to dismiss the other two counts and not to seek an upward departure from the guidelines or a sentence outside the guideline range; the defendant agreed to not seek a downward departure from the guidelines or a sentence outside the guideline range. (Plea Agreement ¶10.g). The parties also reached agreements on certain matters relating to the Sentencing

Guidelines, and further agreed that any matters not agreed to by the parties would be decided by the Court. (Plea Agreement 10.h) Movant also consented "to judicial fact-finding by a preponderance of the evidence of any contested issues pertaining to the determination of the defendant's sentence under the United States Sentencing Guidelines." (Plea Agreement ¶10.h).

Movant raised two sentencing issues: that Movant's prior paraphernalia charges unreasonably boosted his criminal history category, and the inclusion of the firearm enhancement was improper as it was clearly improbable that the weapon was connected with the offense. The Court found the criminal history category was correctly calculated. The Court also found it was not clearly improbable that the firearm was connected to the offense, and added two levels to the offense level pursuant to U.S.S.G. § 2D1.1(b)(1).

## II. DISCUSSION

### A. Movant claims a sentencing enhancement violates his Plea Agreement

Movant's claim primarily centers upon the sentencing enhancement due to the possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Movant contends the government did not honor the plea agreement because the Plea Agreement did not provide for the enhancement or any other consequence arising from the firearm.

Movant's ability to raise this claim has been waived. In Paragraph 15 of the Plea Agreement, Movant "expressly waive[d] the right to appeal his sentence, directly or collaterally, on any ground except a sentence in excess of the statutory maximum or an illegal sentence." Movant is attempting to collaterally attack his sentence by challenging the addition of a sentencing factor, which is the very conduct he bargained away in the Plea Agreement.

Even if Movant had not waived his right to raise this claims, his argument would fail on the merits. Movant essentially argues that the Government was barred from seeking, and the Court was barred from imposing, the 2D1.1 enhancement because neither the enhancement nor the gun were mentioned in the Plea Agreement. Apparently, Movant is contending that he was unaware that there could be other terms

2

that were not agreed to that may be raised at sentencing; however, the language of the Plea Agreement specifically elaborates the possibility that other contested sentencing factors may be brought up at the sentencing hearing. (Plea Agreement ¶ 10.h). Moreover, the Plea Agreement, declares "[t]he United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement." (Plea Agreement ¶ 20).

By the plain text of the Plea Agreement, Movant should have been aware that 1) there could be contested terms at his sentencing hearing, 2) that the standard of review was by a preponderance of the evidence, 3) that it would be determined by the judge, and 4) that, unless it was already elaborated in the Plea Agreement, if it was a factor under the Sentencing Guidelines, the Government could argue for its consideration at the Sentencing Hearing.

Although it is not clear, Movant may also be contending the enhancement was not justified by the facts. The Record conclusively establishes Movant's counsel filed a written challenge to the Presentence Investigation Report which was duly recorded and answered by the Government. In other words, counsel raised the very objection Movant wanted to be raised, and it was considered on the merits. In addition, the issue was raised and defended by counsel at the Sentencing Hearing. (Sentencing Proceedings at 5-8). The Court stated the requisite standard to be used in determining the sentencing enhancement for firearm possession and found the defendant failed to meet that standard. (Sentencing Proceedings p.6). Finally, Movant cannot utilize a postconviction proceeding as a substitute for raising an issue that should have been raised on direct appeal.

### B. Movant Claims his Offense Level was Incorrectly Calculated

Movant argues his offense level was incorrectly calculated. He believes his base offense level was 35, and with the adjustment for acceptance of responsibility (3 point

reduction) and the 2 point firearm enhancement, his adjusted offense level should have been 34. Assuming this argument has not been waived, Movant's calculations are incorrect. The correct Base Offense Level for violations of 21 U.S.C. §841(a)(1) and (b)(1)(A) are found in 2D1.1 and establish a base offense level of 36 for offenses involving at least 5 kilograms but less than 15 kilograms of methamphetamine. With the adjustments previously identified, an Adjusted Offense Level of 35 results. Movant has incorrectly claimed an error in calculation of his offense level.

### C. Movant is dissatisfied with Counsel

Movant obliquely raises the possibility of an ineffective assistance of counsel claim when he says, "Before I signed the plea agreement my lawyer, Mr. Young, told me the government dropped the gun out of my conspiracy charge. I don't know if Mr. Young told me that just to get me to sign the agreement." and, "At the time, I really thought my lawyer was trying to help me, but now it seems like he was helping the government push me through the system quicker." (Doc. 10). Even taken in a light most favorable to Movant's claim, these issues do not meet the burden necessary to raise an ineffective assistance of counsel claim. This argument is offered to support Movant's contentions regarding the factual basis for the firearm enhancement. As noted earlier, Counsel timely objected to the sentencing enhancement on the Presentence Investigation Report, and argued for its rejection by the sentencing court. Short of including mention of the sentencing enhancement for possession of dangerous weapons in the Plea Agreement (either including or excluding it as a sentencing factor), counsel performed his task adequately.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [Movant] to show that [his] 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced [his] defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S.

4

1214 (1996) (quoting <u>Lawrence v. Armontrout</u>, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," <u>Strickland</u>, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. <u>Id</u>. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Lawrence</u>, 961 F.2d at 115 (quoting <u>Strickland</u>, 466 U.S. at 694).

<u>Id</u>. Failure to satisfy both prongs is fatal to the claim. <u>Pryor v. Norris</u>, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

Movant received competent assistance of counsel in raising the issue of the possession of a dangerous weapon sentencing enhancement; as well, there is no evidence that there is a reasonable probability that but for raising the sentencing enhancement at the Plea Agreement stage of representation, it would have been successfully bargained for in the Plea Agreement. Movant has no claim for ineffective assistance of counsel in this regard.

### III. CONCLUSION

For the foregoing reasons, Movant's application for relief pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, JUDGE
DATE: July 3, 2007                     UNITED STATES DISTRICT COURT

5